# ORIGINAL

ncf1 ED-7
FILED FOR DOCKETING

04 MAR 17 AM 10: 22

CLERK
U.S. DISTRICT COURT

Fisher And Fisher
File # 59407

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**04C 1984**

| | | |
|---|---|---|
| Citi Trust Bank **Plaintiff** | ) ) ) | |
| VS. | ) | JUDGE KOCORAS |
| Corey Flagg, Tanjale Flagg **Defendant** | DOCKETED ) MAR 1 7 2004 ) ) ) | NO. MAGISTRATE JUDGE SCHENKIER |

This is an attempt to collect a debt and any information obtained will be used for that purpose.

## COMPLAINT FOR FORECLOSURE

Now comes Plaintiff, Citi Trust Bank, by its attorneys, FISHER AND FISHER, ATTORNEYS AT LAW, P.C., and, pursuant to Illinois Compiled Statutes, Chapter 735, Section 15, 15-1101 et seq., alleges the following:

1. Jurisdiction of this court is based upon diversity of citizenship. Citi Trust Bank is a corporation incorporated under the laws of the STATE OF NEW YORK, having its principal place of business in the STATE OF TEXAS. Corey Flagg, Tanjale Flagg are citizens of the STATE OF ILLINOIS. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Plaintiff files this complaint to foreclose the mortgage hereinafter described, and joins the following persons as defendants:

Corey Flagg, Tanjale Flagg,

3. Attached as Exhibit "A" is a copy of the note, as Exhibit "B" is a copy of the mortgage.

4. Information concerning mortgage:

(A) Nature of instrument: Mortgage

(B) Date of Mortgage: December 4, 1997

/-/

(C) Name of Mortgagor: Corey Flagg, Tanjale Flagg

(D) Name of Mortgagee: Ford Consumer Finance Company

(E) Date and place of recording: December 10, 1997, Cook County Recorder of Deeds Office

(F) Identification of recording: 97926927

(G) Interest subject to the mortgage: Fee Simple

(H) Amount of original indebtedness including subsequent advances made under the mortgage: $141,955.91

(I) Legal description and the common address:
Lot 44 in F.H. Bartlett's State Street Highlands, being a Subdivision of the South 1/2 of the Northwest 1/4 of the Southwest 1/4 of the Southwest 1/4 and the North 1/2 of the Southwest 1/4 of the Southwest 1/4 of the Southwest 1/4 of Section 3, Township 37 North , Range 14, East of the Third Principal Meridian, in Cook County, Illinois.
c/k/a 9418 S. Wabash Ave., Chicago, IL 60619
**Tax I.D.#25-03-321-021**

(J) Statement as to default now due:

1. Date of default: 11/2003.

2. Unpaid principal balance: $132,884.86.

3. Per diem interest accruing: $46.22.

(K) Name of present owners of the real estate:
Corey Flagg, Tanjale Flagg

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

NONE

(M) The following defendants, except those who have received a discharge of this debt in any chapter under the United States Bankruptcy Code, may be held personally liable for the deficiency, if any:

Corey Flagg, Tanjale Flagg

(N) Capacity in which plaintiff brings this foreclosure: Plaintiff is the owner and legal holder of said note, mortgage and indebtedness.

(O) Facts in support of request for attorneys' fees and of costs and expenses.

Plaintiff has been required to retain counsel for litigation of this foreclosure and to incur substantial attorney fees, court costs, title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage, and which are a lien upon said real estate being foreclosed, as provided in said mortgage.

5. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (1977), Defendant(s) may dispute the validity of the debt or any portion thereof. If Defendant(s) do so in writing within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will obtain and provide Defendant(s) with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if requested within thirty days (30) days of receipt of this pleading, Counsel for Plaintiff will send Defendant(s) the name and address of the original creditor if different from above.

## REQUEST FOR RELIEF

Plaintiff, Citi Trust Bank, requests:

(i) A judgment to foreclose such mortgage providing for a sale by public auction

(ii) An order granting a shortened redemption period, if authorized by law.

(iii) A personal judgment for a deficiency, if authorized by law.

(iv) An order granting possession.

(v) An order placing the mortgagee in possession or appointing a receiver if and when sought.

(vi) A judgment for attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

(vii) Enforcement of its assignment of rents derived from said real estate.

(viii) Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

          Plaintiff
          **Citi Trust Bank**

By: _____
      One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
**FISHER AND FISHER**
**ATTORNEYS AT LAW, P.C. #3309**
**120 North LaSalle Street, Suite 2520**
**Chicago, IL 60602**
**(773) 854-8055**
**ARDC# 816108**

# NOTE

**LENDER:**
FORD CONSUMER FINANCE CO., INC.
250 E JOHN CARPENTER FREEWAY
IRVING, TX 75062-

**BORROWER:**
COREY FLAGG
TANJALE FLAGG
9418 S WABASH AVENUE
CHICAGO, IL 60619

| LOAN DATE | PRINCIPAL | MATURITY DATE AND FINAL PAYMENT DATE |
|---|---|---|
| 12/04/97 | $ 141,855.91 | 12/09/27 |

"I," "me" and "my" refer to the borrower(s) named above. "You" and "your" refer to the lender named above.

**REPAYMENT**   I promise to pay you, at your office, the address of which is shown above, or at a different place if required by you, the Principal stated above together with interest calculated at the Agreed Rate of Interest as determined below until fully paid.

I will repay my loan by making a payment every month.

Each payment I make will be applied first to interest owed to the date of payment and the remainder to the principal balance.

Payment(s) in the amount(s) shown below will be due monthly as shown below.

| AMOUNT | DUE DATE(S) |
|---|---|
| $ 1,362.62 | Beginning 01/09/98 |
| $ 1,495.26 | Beginning 01/09/00 |
| $ N/A | Beginning N/A |
| $ N/A | Beginning N/A |
| $ N/A | N/A |

All amounts owed will be due and payable on the Final Payment Date shown above.

☐ If this box is checked, the following provision applies.

My loan is payable in full at the end of __30__ year(s). A payment of $ _____ and all other amounts owed will be due and payable on the Final Payment Date shown above. The Alternative Mortgage Transaction Parity Act of 1982 governs this loan.

**AGREED RATE OF INTEREST**   The Agreed Rate of Interest on my loan is __12.350__ % except as stated below.

☒ If this box is checked, the following provision applies.

From the effective date(s) shown below and for __24__ months thereafter, the Agreed Rate of Interest on my loan will be:

| AGREED RATE OF INTEREST | EFFECTIVE DATE |
|---|---|
| 11.100 % | Beginning 12/09/97 |
| 12.350 % | Beginning 12/9/99 |
| _____ % | Beginning _____ |

Then the Agreed Rate of Interest will be that first stated above.

I agree to pay interest on the principal balance remaining after the Maturity Date shown above at the Agreed Rate of Interest in effect on that date, until the loan is paid in full.

**DEFAULT**   I will be in default if I fail to pay any payment or part of a payment on time or if I fail to comply with any of the terms of the Mortgage on the real estate given as security for this loan.

If I default, you have the right to declare the entire unpaid amount of my loan immediately due and payable without giving me notice of the default or asking me to pay. If you declare the balance of my loan due and payable, you have the rights and remedies provided for in the Mortgage that secures this loan, including the right to require me to pay any deficiency.

Page 1 of 2

NOTICE: See additional pages for additional loan terms.

IL FROCNBO6

**EXHIBIT A**

Rev 3-31-97

| | |
|---|---|
| ATTORNEY FEES | I agree to pay reasonable attorney's fees if this Note is referred for collection to an attorney who is not your salaried employee. |
| PREPAYMENT | I have the right to pay in advance at any time. If I prepay in full, no part of the loan fee will be refunded. |
| DELAY IN ENFORCEMENT | You can delay enforcing your rights under this Note without losing them. If I default in complying with any of the terms of my loan and you do not declare the loan balance immediately due and payable, this does not mean you cannot do so in the future if I default again. |
| SECURITY FOR THIS LOAN | I give you a Mortgage dated the same date as this Note to assure payment of my loan. |

BY SIGNING IN THE SPACE BELOW, I ACKNOWLEDGE THAT I HAVE RECEIVED A FULLY COMPLETED COPY OF THIS NOTE.

_____  X _[signature]_ _12/4/91_
Witness                     COREY FLAGG                Date

_____  X _[signature]_ _12/4/91_
Witness                     TANJALE FLAGG              Date

Page 2 of 2

**NOTICE: See additional pages for additional loan terms.**

IL FROCNBOH

6166728
Rev 9-2-93

```
                                                            97926927  Page 1 of  5
                                                    4597/0205 03 001 1997-12-10 14:20:26
                                                    Cook County Recorder           29.00
```

Prepared by & Mail To:
Ford Consumer Finance Co.
250 E John Carpenter Freeway
Irving, TX 75062
[2011] 7673 682 L

_____ (Space Above This Line For Recording Data) _____

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on 12/04/97
The mortgagor is COREY FLAGG                    AND TANJALE FLAGG, Married

("Borrower"). This Security Instrument is given to FORD CONSUMER FINANCE CO., INC.
its successors and/or assigns, a NEW YORK           corporation, whose address is
250 E JOHN CARPENTER FREEWAY           IRVING, TX 75062-                    ("Lender").

Borrower owes Lender the principal sum of
 ONE HUNDRED FORTY ONE THOUSAND, NINE HUNDRED FIFTY FIVE DOLLARS AND .91 CENTS   dollars (U.S. $ 141,955.91 ).
This debt is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on   12/09/27   . This Security Instrument
secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications; (b) the payment of all other sums, with interest, advanced under paragraph 6 to protect the security of this
Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and
the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property
located in       COOK                                  County, Illinois:

SEE EXHIBIT A ATTACHED HERETO, INCORPORATED HEREIN AND MADE A PART HEREOF
SEE EXHIBIT A ATTACHED HERETO, INCORPORATED HEREIN AND MADE A PART HEREOF

which has the address of 9418 S WABASH AVENUE
CHICAGO, IL  60619-                          ("Property Address");

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or
hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the
foregoing is referred to in this Security Instrument as the "Property."
   BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property and that the Property is unencumbered, except for current taxes. Borrower
warrants and will defend generally the title to the Property against all claims and demands.

   1. Payment of Principal and Interest; Late Charges. Borrower shall promptly pay when due the principal of and
interest on the debt evidenced by the Note and any late charges due under the Note.
   2. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under
paragraph 1 shall be applied: first, to late charges due under the Note; second, to interest due; and last, to principal due.
   3. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the
Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower
shall pay on time directly to the person owed payment. Borrower shall promptly furnish to Lender receipts evidencing the
payments.
   Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a)
agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in
good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion
operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of
the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that
any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give
Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above
within 10 days of the giving of notice.

IL  FRDCNB01                       **BOX 333-CTI**              661683A
                                                               Rev. 11-18-94
                                                           **EXHIBIT B**

97926927 Page 2 of 5

STREET ADDRESS: 9418 S. WABASH
CITY: CHICAGO  COUNTY: COOK
TAX NUMBER: 25-03-321-021-0000

LEGAL DESCRIPTION:
LOT 44 IN F. H. BARTLETT'S STATE STREET HIGHLANDS BEING A SUBDIVISION OF THE SOUTH 1/2 OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 AND THE NORTH 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 3, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

CLEGALD

97926927 Page 3 of 5

4. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraph 1 or change the amount of the payments. If under paragraph 20 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

5. **Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage, or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

6. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, or condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

7. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

8. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to the Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraph 1 or change the amount of such payments.

9. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

10. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

11. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits; then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment.

IL  FRDCNB0U

6616638
Rev. 11-3-94

97926927 Page 4 of 5

12. **Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Instrument unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument and may invoke any remedies permitted by paragraph 20. If Lender exercises this option, Lender shall take the steps specified in the second paragraph of paragraph 16.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

17. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Agreement, Lender's rights in the property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligation secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraphs 12 or 16.

18. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

19. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with the Environmental Law.

As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides or herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

20. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraphs 12 and 16 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

21. **Lender in Possession.** Upon acceleration under paragraph 20 or abandonment of the Property and at any time prior to the expiration of any period of redemption following judicial sale, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument.

IL FRDCNBOK

661663C
Rev. 11-3-94

97926927 Page 5 of 5

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

23. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Agreement.

X _Corey Flagg_
COREY FLAGG

X _Tanjale Flagg_
TANJALE FLAGG

STATE OF ILLINOIS, _Cook_ County ss:

I, _The Undersigned_, a Notary Public in and for said county and state, do hereby certify that _Corey Flagg and Tanjale Flagg_

personally known to me to be the same person's whose name _they_ subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that _they_ signed and delivered the said instrument as _their_ free voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal, this _4th_ day of _December_, 1997.

My commission expires: _____  _Tammy M. Zoubek_
Notary Public

"OFFICIAL SEAL"
TAMMY M. ZOUBEK
Notary Public, State of Illinois
My Commission Expires 4/29/98

This document was prepared by:

IL FRDCN80UJ

6616630
Rev. 11-4-94

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Citi Trust Bank

**DEFENDANTS**

Cory Flagg, ET.AL

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

04C 1984

DOCKETED MAR 17 2004

JUDGE KOCORAS
MAGISTRATE JUDGE SCHENKIER

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Fisher & Fisher, Attorneys At Law, PC
120 North LaSalle, Ste. 2520
Chicago, IL 60602
312-372-4784

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

MORTGAGE FORECLOSURE - 28 U.S. 1332

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** $132,887.91

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. REMARKS** In response to ☐ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE MAR 17 2004

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

59407

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

Citi Trust Bank

-vs-

Cory Flagg, ET. AL

**04C 1984**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) **JUDGE KOCORAS**

Citi Trust Bank

**MAGISTRATE JUDGE SCHENKIER**

DOCKETED MAR 17 2004

FILED FOR DOCKETING 04 MAR 17 AM 10:42 U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE (Joseph M Herbas) |
| NAME: F. ALLAN STORNING | NAME: JOSEPH M. HERBAS |
| FIRM: FISHER and FISHER ATTORNEY'S AT LAW | FIRM: FISHER AND FISHER ATTORNEY'S AT LAW |
| STREET ADDRESS: 120 NORTH LASALLE STREET, SUITE 2520 | STREET ADDRESS: 120 NORTH LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE NUMBER: (312) 372-4784 | FAX NUMBER: (312) 372-4398 | TELEPHONE NUMBER: (312) 372-4784 | FAX NUMBER: (312) 372-4398 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6244849 | IDENTIFICATION NUMBER: 6277645 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

59407

In the Matter of

Citi Trust Bank

-vs-

Cory Flagg, ET. AL

Case Number: 04C 1984

JUDGE KOCORAS

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR

Citi Trust Bank

DOCKETED

MAGISTRATE JUDGE SCHENKIER

MAR 17 2004

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME ELIZABETH KAPLAN MEYERS | NAME RENEE MELTZER KALMAN |
| FIRM FISHER AND FISHER | FIRM FISHER AND FISHER |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784   FAX NUMBER 312-372-4398 | TELEPHONE NUMBER 312-372-4784   FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER 6196562 | IDENTIFICATION NUMBER 6198331 |
| MEMBER OF TRIAL BAR?   YES ☐  NO ☒ | MEMBER OF TRIAL BAR?   YES ☐  NO ☒ |
| TRIAL ATTORNEY?   YES ☒  NO ☐ | TRIAL ATTORNEY?   YES ☒  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME James R. Riegel |
| FIRM | FIRM FISHER AND FISHER |
| STREET ADDRESS | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER   FAX NUMBER | TELEPHONE NUMBER 312-372-4784   FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER 6239016 |
| MEMBER OF TRIAL BAR?   YES ☐  NO ☒ | MEMBER OF TRIAL BAR?   YES ☐  NO ☒ |
| TRIAL ATTORNEY?   YES ☒  NO ☐ | TRIAL ATTORNEY?   YES ☒  NO ☐ |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

59407

In the Matter of

Citi Trust Bank

-vs-

Case Number: 04C 1984

Cory Flagg, ET. AL

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

JUDGE KOCORAS
DOCKETED
MAR 17 2004
MAGISTRATE JUDGE SCHENKIER

Citi Trust Bank

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: KENNETH H. FISHER | NAME: CYNTHIA A. SUTHERIN |
| FIRM: FISHER AND FISHER | FIRM: FISHER AND FISHER |
| STREET ADDRESS: 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS: 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE NUMBER: 312-372-4784 | TELEPHONE NUMBER: 312-372-4784 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 0817759 | IDENTIFICATION NUMBER: 6256989 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |
| **(C)** | **(D)** |
| SIGNATURE | SIGNATURE |
| NAME: MARC D. ENGEL | NAME: RANDAL SCOTT BERG |
| FIRM: FISHER AND FISHER | FIRM: FISHER AND FISHER |
| STREET ADDRESS: 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS: 120 N. LASALLE, SUITE 2520 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE NUMBER: 312-372-4784 | TELEPHONE NUMBER: 312-372-4784 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6255891 | IDENTIFICATION NUMBER: 6277119 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

59407

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

Citi Trust Bank

-vs-

Cory Flagg, ET. AL

**04C 1984**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

JUDGE KOCORAS

Citi Trust Bank

MAGISTRATE JUDGE SCHENKIER

DOCKETED
MAR 17 2004

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: ELIZABETH KAPLAN MEYERS | NAME: RENEE MELTZER KALMAN |
| FIRM: FISHER AND FISHER | FIRM: FISHER AND FISHER |
| STREET ADDRESS: 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS: 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE: 312-372-4784  FAX: 312-372-4398 | TELEPHONE: 312-372-4784  FAX: 312-372-4398 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6196562 | IDENTIFICATION NUMBER: 6198331 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: MICHAEL S. FISHER | NAME: James R. Riegel |
| FIRM: FISHER AND FISHER | FIRM: FISHER AND FISHER |
| STREET ADDRESS: 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS: 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE: 312-372-4784  FAX: 312-372-4398 | TELEPHONE: 312-372-4784  FAX: 312-372-4398 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6216064 | IDENTIFICATION NUMBER: 6239016 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |